UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:09-CV-177

JOSH JAMES                                                                                          PLAINTIFF

v.

JAMES MARINE, INC.                                                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff's Motion to Compel Discovery Responses (Docket #10). Defendant has responded (Docket #11). Plaintiff has replied (Docket #12). This matter is now ripe for adjudication. For the following reasons, Plaintiff's motion is GRANTED.

## BACKGROUND

Plaintiff Josh James filed suit against Defendant James Marine, Inc. on October 13, 2009, alleging violations of the Family and Medical Leave Act, Americans with Disabilities Act, and the Kentucky Civil Rights Act. The Court issued a scheduling order in this case on December 30, 2009, setting the jury trial for May 9, 2011.

Plaintiff served his First Set of Interrogatories and Requests for Production of Documents on Defendant via counsel's email on December 22, 2009. Pursuant to Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2)(A), Defendant was given 30 days to respond or object. On January 26, 2010, Plaintiff's counsel emailed Defendant's counsel to alert him to the fact that the responses had not yet been received. Plaintiff's counsel contacted Defendant's counsel again on February 2, 2010, threatening to file a motion to compel the following day. Defendant's counsel responded on February 2, 2010, that he had forgotten about the December 22, 2009 email because it had not been sent to his paralegal or secretary, and that he would get his responses to Plaintiff within a couple of weeks.

On March 23, 2010, Plaintiff had still not received Defendant's responses and filed a motion to compel discovery responses with this Court. Plaintiff also asked for attorneys' fees in the amount of $500.00 for preparation of the motion to compel. Defendant responded to the motion to compel on April 7, 2010, stating that the answers to the interrogatories and requests for production of documents were provided to Plaintiff's counsel on March 26, 2010. Plaintiff filed a reply on the same day, requesting an order "ensuring Defendant has provided all responsive information and documents and awarding Mr. James' counsel an attorney's fee of $500 for having to pursue this Motion."

## DISCUSSION

Under Rule 37(a)(1), "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. Pro. 37(a)(1). In doing so, "the motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* Motions to compel discovery responses are authorized where a party fails to provide proper responses to interrogatories under Rule 33 or requests for production of documents under Rule 34. Fed. R. Civ. Pro. 37(a)(3)(B)(iii), (iv). The Federal Rules also provide for sanctions when a motion to compel is granted by the court or when a party fails to comply with the requirements of Rule 26. Fed. R. Civ. P. 37(a)(5)(A); 37(c)(1).

The Court is satisfied that proper responses to Plaintiff's interrogatories and requests for production of documents have been provided to Plaintiff at this time. Therefore, the Court will not issue an order compelling Defendant to provide further responses. However, the Court must still consider the issue of sanctions. Federal Rule of Civil Procedure 37(a)(5)(A) provides:

> If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> > (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> >
> > (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> >
> > (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). Plaintiff has presented evidence of email correspondence which demonstrates his good faith effort to obtain responses absent court involvement, so this requirement has been met.

Defense counsel's justification for the delay in responding is that he "overlooked" the email, and that he had not previously consented in writing pursuant to Federal Rule of Civil Procedure 5(b)(E) to be served by electronic means. Further, Defendant's counsel alleges that Plaintiff's propounded interrogatories "far exceeded" the number allowed under Federal Rule of Civil Procedure 33. Defense counsel also argues that because the trial in this case is not scheduled until May 9, 2011, Plaintiff has not suffered any prejudice by the delay.

The Court finds that defense counsel's delay in responding is not "substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii). Any improper service was rectified by defense counsel's acknowledgment on February 2, 2010, that "I am working on getting the responses to you and hope to have them ready in a couple of weeks." Nor did defense counsel state any objection to the number of interrogatories at that time. Instead, defense counsel promised to provide responses within approximately two weeks. However, such responses were not provided

to Plaintiff's counsel until after Plaintiff filed a motion to compel on March 23, 2010. Defense counsel provided no reason for this delay. He failed to provide responses until over one month after he originally indicated the responses would be ready. This unreasonable delay forced Plaintiff's counsel to file a motion to compel.

The Court is unaware of any additional circumstances that would make an award of expenses "unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii). Therefore, Plaintiff is entitled to payment. Plaintiff seeks $500 in sanctions. Federal Rule of Civil Procedure 37 dictates that Plaintiff is entitled to "reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Plaintiff has failed to provide any documentation demonstrating he is entitled to $500. The Court is aware of the length of time required to prepare a motion to compel and believes that $100 is sufficient.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is GRANTED. Defendant's counsel is hereby ORDERED to pay sanctions of $100 to Plaintiff.

IT IS SO ORDERED.